

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00185-CR
No. 02-24-00186-CR

———————————————

JESUS RAMIREZROSALES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1798140, 1799933

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Jesus Ramirezrosales attempts to appeal his two convictions, but he waived his right to appeal in each case as part of his plea bargains with the State.

"In a plea bargain case . . . a defendant may appeal only[] (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification of the defendant's right to appeal, clarifying whether the case involved a plea bargain and the defendant waived his right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Appellant's judgments of conviction reflect that, in both of his cases, he pleaded guilty and the trial court sentenced him in accordance with the "Terms of [his] Plea Bargain." The plea-bargain paperwork accompanying these judgments—paperwork that was signed by both Appellant and his trial counsel—further confirms that Appellant "waive[d] all rights of appeal." And the trial court's certifications show this as well, stating that "the defendant has waived the right of appeal" and that the cases are "plea-bargain case[s], and the defendant has NO right of appeal." *See id.*

Because a criminal appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record," Tex. R. App. P. 25.2(d), we warned Appellant via letter that we would dismiss his appeals unless,

2

within ten days, he showed grounds for continuing them.[1]  *See* Tex. R. App. P. 25.2(d), 44.3.  We received no response.

Accordingly, we dismiss the appeals based on the trial court's certifications.  *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 1, 2024

---

[1]Our initial letter to Appellant was returned to us, so we obtained updated contact information for him and re-sent the letter to his new address.  More than a month has passed since we sent the second letter, and it has not been returned.